**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHY CHAVES,** | **DOCKET NO. 16-cv-1933** |
| Plaintiff, | |
| vs. | **JUDGE: JAY C. ZAINEY** |
| | **MAGISTRATE:** |
| **WINN-DIXIE MONTGOMERY, LLC** | **DANIEL E. KNOWLES, III** |
| Defendant. | |

**SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION, COURT-ORDERED NOTICE AND DISCLOSURE OF POTENTIAL OPT-IN PLAINTIFFS**

On November 30, 2016, plaintiff Kathy Chaves moved the Court for conditional collective action certification of her claims under the Fair Labor Standards Act (FLSA) and for related Court-authorized notice and disclosure of potential opt-in plaintiffs.  The parties have undertaken written discovery and depositions of both plaintiff and a corporate representative.  On February 27, 2017, defendant Winn-Dixie Montgomery, LLC ("Defendant") submitted its opposition to plaintiff's motion for conditional certification and her related requests for court notice and identification of potential opt-in plaintiffs.  On June 30, 2017, plaintiff filed a reply to defendant's opposition, limited by Court order to "the issue of the Executive Exemption from the Fair Labor Standard Act's overtime provision."  In sur-reply to plaintiff's reply (likewise limited to the executive exemption issue), defendant asserts the following:

1.     To qualify for the executive exemption, an employee must (1) be paid on a salary basis at least $455 per week; (2) have management of the enterprise as his or her primary duty; (3) "customarily and regularly" direct the work of two or more other employees; and (4) have the authority to hire or fire other employees or make recommendations about the hiring, firing, advancement, promotion or any other change of status of other employees that are given "particular

weight." Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 574-75 (E.D. La. 2008) (quoting 29 C.F.R. § 541.100(a)). Just as with her original motion for conditional certification, in her reply brief, plaintiff does not address, let alone attempt to dispute, the first, third or fourth listed factors. Thus, she effectively has conceded that these exemption factors are met.

2. In support of her contention that "management of the enterprise" was not her primary duty, plaintiff asserts that there is no meaningful difference between her former, non-exempt position as a Front-End Manager and her exempt position as a Service Area Manager (Pl. Reply, at p. 3). To this end, plaintiff states that "when asked about specific differences between the two, the corporate representative was often without specific information." Id. However, the corporate representative's description of the position in a vacuum is not controlling; rather, as plaintiff notes, a case-specific, fact-intensive inquiry into the plaintiff's *actual* job duties and responsibilities is required. Johnson, 561 F. Supp. 2d at 575.

3. Thus, it is not relevant whether the corporate representative could in general provide a percentage of the time Service Area Managers devote to Manager on Duty ("MOD") responsibilities (Pl. Reply Brief, at p. 3). In this specific case, plaintiff testified that as Service Area Manager she was given a key to the store, thereby enabling her to open and/or close the store, whether for purposes of the store's regular hours or in emergency situations (Pl. Depo. p. 10 ll. 10-15, p. 11 ll. 1-4, p. 17 ll. 19-24). In addition, plaintiff was the assigned MOD at least one shift per week, or about 15 to 20 percent of her time, during which she was responsible for managing the entire store. Id. p. 23 ll. 7-21, p. 25 ll. 12-13, p. 30 ll. 6-12, p. 32 ll. 1-5, p. 42 l. 16 – p. 44 l. 11, p. 102 l. 18 – p. 103 l. 2. *Plaintiff admits that she never had these responsibilities while working in the non-exempt Front-End Manager position* and that only salaried managers were responsible for closing or opening the store, or acting as the MOD. Id. p. 23 ll. 4-6, p. 25 ll. 2-5, p. 44 ll. 7-9,

p. 90 ll. 14-21, p. 92 ll. 20-24, p. 95 l. 23 – p. 96 l. 1.  Plaintiff's testimony in this respect is consistent with that of defendant's corporate representative, who testified that Front-End Managers very rarely, if ever, performed MOD duties.

4.   Plaintiff disingenuously suggests that defendant's corporate representative has conceded that there is no distinction between plaintiff's former, non-exempt position and her subsequent exempt position, suggesting that he admitted to a Customer Service Manager II being the same position as the Former Front-End Manager position held by plaintiff, distinct from the exempt Service Area Manager position (Pl. Reply Brief, at p. 4) (citing Waddell Depo., at p. 137 ll. 2-4).  In fact, the corporate representative clarified that while the Customer Service Manager I position was for a period of time a non-exempt position in some small stores, Customer Service Manager II – an *exempt* position – was merely a title change from the also-exempt Service Area Manager position held by plaintiff following the 2016 reorganization (Waddell Depo. p. 136 l. 9 – p. 137 l. 9).

5.   Finally, that some of plaintiff's duties as Service Area Manager (Customer Service Manager II) were the same or similar to those she previously performed as a Front-End Manager – a fact that defendant acknowledges in its opposition brief – this does not preclude the Service Area Manager position from being properly classified as exempt, particularly in light of the fact that, unlike the former Front-End Manager position, Service Area Managers were given a literal key to the store and responsibility for managing the entire store on a regular basis.  Moreover, as the corporate representative noted, based on its duties and responsibilities the former Front-End Manager position may have satisfied the executive exemption standard itself (Waddell Depo. p. 113 ll. 11-25).  Regardless, even if some of the duties performed by plaintiff as Service Area Manager were non-exempt in nature, "an employee may perform exempt and nonexempt duties

3

concurrently. . . . [A]n employee could have management as her primary duty even if she concurrently performed nonexempt duties." Johnson, 561 F. Supp. 2d at 577 (citations omitted). Thus, the fact that both the new and old positions report to the Store Manager (as do all store-level employees), or that both positions involve comparable physical requirements or safety risk factors, does not in any way preclude the new position from being properly classified as exempt if, as is the case here, the relevant factors are met.  In short, this case is indistinguishable from White v. Winn-Dixie Montgomery, LLC, 2017 U.S. Dist. Lexis 18440 (N.D. Ala. Feb. 9, 2017), in which that court held that the very same position at issue here qualified as exempt under the FLSA's executive exemption.

## CONCLUSION

For all of the reasons asserted herein, as well as in defendant's original Response in Opposition, plaintiff's Motion for Conditional Certification is due to be denied.

Respectfully submitted,

*/s/ Thomas A. Davis*
Thomas A. Davis (Admitted *Pro Hac Vice*)
DavisT@JacksonLewis.com
**JACKSON LEWIS P.C.**
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama  35209
Tel:     (205) 332-3101
Fax:    (205) 332-3131

**COUNSEL FOR DEFENDANT
WINN-DIXIE MONTGOMERY, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

George G. Recile, Esq.
Patricia E. Pannell, Esq.
Preston L. Hayes, Esq.
Matthew A. Sherman, Esq.
One Galleria Boulevard, Suite 1100
Metairie, LA  70001

                                   */s/ Thomas A. Davis*
                                   Thomas A. Davis