## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KATHY CHAVES                                                  CIVIL ACTION

VERSUS                                                        NO. 16-1933

WINN-DIXIE MONTGOMERY, LLC                                    SECTION: A (3)

## ORDER

Before the Court is a Motion to Certify Class and Proceed as a Collective Action (Rec. Doc. 20) filed by Plaintiff Kathy Chaves. Defendant Winn-Dixie Montgomery, LLC opposes the Motion. (Rec. Doc. 23). The Motion, set for submission on May 17, 2017, is before the Court on the briefs without oral argument.

### I.    Background

Plaintiff seeks a conditional collective action certification from the Court on her claims under the Fair Labor Standards Act ("FLSA"). (Rec. Doc. 20-1). Defendant opposes Plaintiff's Motion arguing that 1) her position falls under the executive exemption under FLSA, and that 2) she has not demonstrated sufficient circumstances warranting conditional certification. (Rec. Doc. 23). Plaintiff was an employee of Defendant whose position was a service area manager. (Rec. Doc. 23-1). She served as a service area manager along with two other service area managers, under the assistant manager and the store manager. (Rec. Doc. 23-1).

### II.   Analysis

Plaintiff seeks a conditional certification of a collective action on her FLSA claims. Defendant seeks denial of Plaintiff's Motion arguing that 1) her position falls under the executive exemption under the FLSA, and 2) she has not demonstrated sufficient circumstances warranting conditional certification.

### a.  Executive Exemption

1

Defendant's first argument for denial of Plaintiff's Motion for Conditional Certification is that Plaintiff's position was as a salaried employee exempt under the executive exception of FLSA. (Rec. Doc. 23). In Plaintiff's Motion, she states that Defendant misclassified her and similarly situated employees, "when in fact they did not meet the appropriate 'duties test.'" (Rec. Doc. 20-1).

The executive exemption provides that executive employees are exempt from the general overtime requirements under the FLSA. 29 U.S.C. § 213(a)(1). A defendant must show all of the following: 1) the employee was  compensated on a salary basis at a rate of at least $455/week, 2) the employee's primary duty was management of the enterprise or customarily recognized department or subdivision, 3) the employee customarily and regularly directed the work of two or more employees, **and** 4) the employee had the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight. 29 C.F.R. § 541.100.

As for the first requirement, an employee receives compensation on a "salary basis" as long as he or she receives "a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). As for the second requirement, "management" duties include "directing the work of employees; maintaining production or sales records for use in supervision or control; ... planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; ... [and] providing for the safety and security of the employees or the property." 29 C.F.R. § 541.102.

Defendant took Plaintiff's deposition in which she states that she was paid a salary of $48,000.00 a year (roughly $923 per week). (Rec. Doc. 23-1). Therefore, the Defendant has shown

that Plaintiff's employment meets the first requirement of the executive exemption. Plaintiff also states in her deposition that she supervised roughly sixty individuals, satisfying the third requirement that she direct the work of two or more employees. (Rec. Doc. 23-1).  Additionally, Plaintiff states in her deposition that she did oversee the hiring of front-end store employees, particularly the hiring of cashiers. Plaintiff also states in her deposition that she made recommendations to terminate certain employees. (Rec. Doc. 23-1). Thus, Plaintiff's employment satisfies the fourth requirement of the executive exemption because her recommendations as to the hiring of front-end employees was given particular weight. Accordingly, as Defendant states, whether Plaintiff's position qualifies for an executive exemption under the FLSA turns on whether her position meets the second requirement that her primary duty was management of the enterprise, customarily recognized department, or subdivision.

In Plaintiff's reply, she argues that her new position as service area manager was substantially similar to her previous position as front-end manager, which was always classified as a non-exempt position by Defendant, as Defendant's representative acknowledged in his deposition. (Rec. Doc. 33). In its sur-reply, Defendant states that to answer whether a position was primarily management of the enterprise is a case-specific, fact-intensive inquiry into Plaintiff's job duties. Defendant argues that because Plaintiff was given a key to the store, was the assigned manager on duty about 15 – 20% of the time, and given the fact that only salaried managers were responsible for opening and closing the store or acting as manager on duty, Plaintiff's primary duty was the management of the enterprise or customarily recognized department or subdivision. (Rec. Doc. 34-1).

The Court finds that Defendant has not met its burden of proving the second requirement, that Plaintiff's primary duty was management of the enterprise, customarily recognized department or subdivision. General management activities include:

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures. 29 C.F.R. § 541.102.

Additionally, the FLSA sets out four factors for Courts to determine the employee's *primary* duty: 1) the relative importance of the exempt duties as compared with other types of duties, 2) the amount of time spent performing exempt work, 3) the employee's relative freedom from direct supervision, and 4) the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by the employee. 29 C.F.R. § 541.700(a) (post–2004).

The record indicates that Plaintiff's primary duty was to oversee the cashiers and baggers, not to make higher management decisions. Plaintiff's job entailed managing the cashiers and baggers at the front end of the store, serving as manager on duty about 15-20% of the time, and helping with the hiring and training the cashiers. However, she did not set the rates of pay, she did not make the termination decisions, and she worked daily as a cashier and bagger, she ran the self-check, and put out stock. (Rec. Doc. 23-1). The store director or manager, who were above Plaintiff's position, would determine pay increases, terminate employees, and set the hours for the employees. Additionally, Plaintiff's "pay increase" from her previous position was from $768.40/week for 40 hours a week to approximately $923.07/week for 50 hours a week. (Rec. Doc. 23-1). When adjusting for the difference in hours, Plaintiff's pay was actually a decrease from about $19.21/hour to $18.46/hour, even though she was switched to salary instead of hourly

4

pay. FLSA regulations provide that "if ... assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. § 541.700(c) (emphasis added). Given the totality of the circumstances, the Court is not convinced Plaintiff's primary duty was the management of the enterprise, customarily recognized department or subdivision. Thus, since the Defendant has failed to meet all requirements, the Court finds that the Plaintiff's position does not fall under the executive exemption under the FLSA.

The Court will turn to the issue of conditional certification.

**b.   Conditional Certification**

The FLSA creates a cause of action for employees against employers who violate the Act's requirements. The FLSA provides in pertinent part:

> An action ... may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

Thus, § 216(b) establishes an "opt-in" scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. The Act does not provide a definition for "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).   District Courts have discretion in deciding whether to order notice to potential plaintiffs. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp.2d 807, 809 (S.D. Tex. 2003).

District courts will typically apply a two-step analysis when exercising their discretion with respect to certification. *Wellman v. Grand Isle Shipyard, Inc.*, 2014 WL 5810529, at *1, 3 (E.D. La. 2014) (Africk, J.). First, the court determines whether the putative plaintiffs' claims are

sufficiently similar to merit sending notice of the action to possible members of the collective class. *Acevedo v. Allsups Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995)). If the claims are similar enough, the court will authorize counsel to put all potential members of the class on notice so that they may join the suit if they wish to do so. *Id.* This stage is referred to as the "notice stage." Second, after discovery is complete and the allegations and claims are more fully fleshed out, the court will make a final determination as to certification, typically in the posture of a motion by the defendant to decertify the action. *Id.*; See also *Wellman*, 2014 WL 5810529, at *2. This stage is referred to as the "decertification stage."

At step one, the notice stage, the court's decision is usually based only on the pleadings and any affidavits that have been submitted. *Wellman*, 2014 WL 5810529, at *1. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *Id.* This lenient standard requires nothing more than only substantial allegations that potential members "were together the victims of a single decision, policy, or plan." *Id.* (quoting *Mooney*, 54 F.3d at 1214). Additionally, only a modest factual basis is required. *Mooney*, 54 F.3d at 1214.

The Court finds that Plaintiff has made a sufficient showing for conditional certification of a representative class. Both Plaintiff and Defendant recognize that the initial stage of the FLSA collective action certification, the conditional certification stage, is characterized by a lenient standard. The United States Court of Appeals for the Fifth Circuit has stated that "plaintiffs seeking conditional certification need not identify other hypothetical collective action members," and that courts will typically grant certification. *Portillo v. Permanent Workers, LLC*, 662 Fed.Appx. 277, 280 (5th Cir. 2016). Plaintiff need only allege that she and potential members were victims of a single policy that potentially violated FLSA. Plaintiff alleges that Defendant misclassified Plaintiff

6

and similarly situated employees in order to deprive them of their right to overtime pay under FLSA. Plaintiff bases her allegation on the "centralized payroll and management system run by Defendant" under which she and other employees were managed together. (Rec. Doc. 20-1). Additionally, Plaintiff states that specifically mid-level managers from March 7, 2013 until the present are victims of Defendant's policy. (Rec. Doc. 20-1). Given the lenient standard for certification at this stage and the specific allegations made in Plaintiff's Complaint and Motion for Conditional Certification, the Court finds that Plaintiff has met her burden to warrant conditional certification of a class.

Upon a court granting conditional certification, "notice of the action should be given to potential class members allowing them the opportunity to opt-in to the collective action." *Portillo*, 662, Fed.Appx. at 280. Plaintiff requests, as plaintiffs in FLSA collective action cases routinely do[1], that the Court direct Defendants to provide the names, phone numbers, and last known addresses of potential opt-in plaintiffs. She further asks for an opt-in period of ninety days because she anticipates difficulties in locating potential opt-ins who may have already left Louisiana. The Court finds that a period of ninety (90) days sufficiently affords the Plaintiff the time needed to locate potential opt-in plaintiffs, but is not so unreasonable as to be overly burdensome or excessive for the Defendants. The opt-in period will begin to run on the date that Defendants provide a complete list of the names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

Accordingly;

---

[1] See *Lima v. International Catastrophe Solutions, Inc.*, 491 F.Supp.2d 793 (E.D. La. 2007) (Fallon, J.); *Leon v. Diversified Concrete LLC*, 2016 WL 2825073 (E.D. La. 2016) (Barbier, J.); and *Nieto v. Pizzati Enterprises, Inc.*, 2017 WL 1153375 (E.D. La. 2017) (Brown, J.).

**IT IS ORDERED** that the Motion to Proceed as a Collective Action, for Court-Authorized Notice, and for Court-Ordered Disclosure of Names and Addresses is **GRANTED**;

**IT IS FURTHER ORDERED** that the class of potential opt-in plaintiffs entitled to notice is defined as all individuals who worked or are working for defendant, Winn-Dixie Montgomery, LLC, in its retail supermarket operations as mid-level managers from March 7, 2013, until the date of the resolution of the present action, and who are or were eligible for overtime pursuant to the FLSA;

**IT IS FURTHER ORDERED** that the proposed revised "FLSA Notice" attached as an exhibit to the Plaintiff's Motion for Conditional Certification (Rec. Doc. 20-3) shall be amended to reflect the correct Defendant "Winn-Dixie Montgomery, LLC;"

**IT IS FURTHER ORDERED** that no later than thirty (30) days after the date of this Order Defendant shall produce to Plaintiff's Counsel a complete list of the names, current addresses, dates of employment, and dates of termination of all workers employed by the Defendants from March 7, 2013 to the present who fall within the above class definition;

**IT IS FURTHER ORDERED** that the time period within which potential opt-in plaintiffs may opt-in is ninety (90) days;

**IT IS FURTHER ORDERED** that the ninety (90) day opt-in period will begin to run on the date that the Defendant provides a complete list of the names, addresses, and dates of employment and termination of potential class members;

New Orleans, Louisiana this 24th day of July 2017.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

8